UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS KRAEMER,

                Plaintiff,

-against-

AMY FONTNO, ET AL.,

                Defendants.

15-CV-8345 (LAP)

TRANSFER ORDER

LORETTA A. PRESKA, Chief United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his rights in Northampton County, Pennsylvania. For the following reasons, this action is transferred to the United States District Court for the Eastern District of Pennsylvania.

      Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

      Plaintiff alleges that, as a result of actions taken in state court located in Northampton County, Pennsylvania, Defendants have unlawfully restricted his access to his daughter. With the exception of Defendant Stephanie Fitos of the City of New York's Law Department, located

in New York, New York, and Defendant Megellan Behavioral Health of Pennsylvania, located in Scottsdale, Arizona, Plaintiff lists Pennsylvania addresses for all other Defendants.  Because all of the Defendants are not residents of New York, venue is not proper in this Court under § 1391(b)(1).  Also, because Plaintiff does not allege that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under § 1391(b)(2).[1]  Plaintiff's claims arose in Northampton County, which is in the Eastern District of Pennsylvania.  *See*  28 U.S.C. § 118(a).  Accordingly, venue lies in the Eastern District of Pennsylvania, 28 U.S.C. § 1391(b)(2), and this action is transferred to the United States District Court for the Eastern District of Pennsylvania , 28 U.S.C. § 1406(a).

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.  The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of Pennsylvania.  Whether Plaintiff should be permitted to proceed further without payment of fees is a determination to be made by the transferee court.  This order supersedes the provision of Local Civil Rule 83.1 that requires a seven-day delay before the Clerk of Court may effectuate the transfer of the case to the transferee court.  A summons shall not issue from this Court.  This order closes this case.

---

[1] To the extent that Plaintiff seeks to assert claims for monetary damages against Defendant Stephanie Fitos for her representation of Northampton County officials in New York Family Court, Plaintiff is advised that "[a]s a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the state in a way that is intimately associated with the judicial process." *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  This general principle has been expanded "to the functions of a government attorney 'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation' in civil suits[.]" *Id.* (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)).  While this immunity was originally held to apply to a government prosecutor in criminal court proceedings, it has been extended to government attorneys representing the government in administrative proceedings.  *See Butz v. Economou*, 438 U.S. 478, 516-17 (1978).

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 23, 2015
      New York, New York

*[Signature: Loretta A. Preska]*
LORETTA A. PRESKA
Chief United States District Judge